**Indiana QUADRA et al., Plaintiffs,**

v.

**SUPERIOR COURT OF the CITY AND COUNTY OF SAN FRANCISCO et al., Defendants.**

**No. C–72–1689–CBR.**

United States District Court, N. D. California.

April 16, 1976.

Sidney M. Wolinsky, Public Advocates, Inc., Jon Van Dyke, San Francisco, Cal., for plaintiffs.

Thomas M. O'Connor, City Atty., George E. Krueger, Stanley M. Dupree, San Francisco, Cal., for defendants.

## ORDER OF DISMISSAL

RENFREW, District Judge.

 On April 1, 1976, a hearing was held on defendants' motion to dismiss or, in the alternative, for summary judgment. The basis of the motion was the decision of the judges of the Superior Court of the City and County of San Francisco to adopt a system of random selection for the civil investigative grand jury of the City and County of San Francisco. Attached to the defendants' moving papers was a letter from Executive Officer Bernard J. Ward advising defendants' attorney of the judges' decision. Subsequently, a copy of the amended rule providing for the random selection system was filed with this Court.

The adoption of a random selection system gives plaintiffs the relief which they sought but which could not have been achieved through the further prosecution of this action. In both of its earlier opinions in this case,[1] the Court expressly held that it lacked the power to impose such a system, and the Court is uncertain that the public interest will be best served by the resolution reached in this case. A randomly selected civil investigative grand jury may lack the requisite experience necessary for its specialized tasks in such areas as law, medicine, and finance. Furthermore, because of this lack of experience, such a grand jury may be more easily led and influenced by the deputy city attorney or attorneys assigned to assist it. Nevertheless, the decision was within the discretion of the judges of the Superior Court of the City and County of San Francisco and does eliminate the constitutional defects found in the Court's earlier opinions. The decision having been made, this controversy is now moot. Accordingly,

IT IS HEREBY ORDERED that defendants' motion to dismiss is granted and the complaint and action therein are dismissed.

---

1. 378 F.Supp. 605 (N.D.Cal.1974); 403 F.Supp. 486 (N.D.Cal.1975).